## UNITED STATED DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DEBRA GAYLE OWENS,**                                    **CASE NO.:**

      **Plaintiff,**

**v.**

**VEOLIA ES TECHNICAL SOLUTIONS**
**d/b/a VEOLIA ENVIRONMENTAL SERVICE,**

      **Defendant.**
_____/

## COMPLAINT

Plaintiff, DEBRA GAYLE OWENS, hereby sues Defendant, VEOLIA ES TECHNICAL

SOLUTIONS d/b/a VEOLIA ENVIRONMENTAL SERVICE, and alleges:

## NATURE OF THE ACTION

1.       This is an action brought under §§ 440.205, Florida Statutes; Chapter 760, Florida

Statues; 42 U.S.C. §2000e et seq.; 42 U.S.C. §12101 et seq. and 42 U.S.C. §1981a.

2.       This is an action for damages in excess of Seventy Five Thousand Dollars

($75,000.00) exclusive of costs and interests, and for prospective injunctive relief.  Jurisdiction

of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C.

§1343 (civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## THE PARTIES

3.       At all times pertinent hereto, Plaintiff, DEBRA GAYLE OWENS, has been a

resident of the State of Florida and was employed by Defendant.  Plaintiff is a member of a

protected class because of her gender and her actual or perceived disability. Moreover, Plaintiff

is a member of a protected class because she reported unlawful employment practices and was subject to retaliation thereafter.

4.     At all times pertinent hereto, Defendant, VEOLIA ES TECHNICAL SOLUTIONS d/b/a VEOLIA ENVIRONMENTAL SERVICE, has been organized and existing under the laws of the State of Florida.  At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.  Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.     Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff began her employment with Defendant on December 8, 2009, and at the time of her constructive termination held the position of TS Material Handler at the Defendant's Tallahassee, Florida offices.

7.     Plaintiff has been and continues to be subjected to gender discrimination, sexual harassment, disability discrimination and retaliation after reporting with no corrective action taken by Defendant.

8.     The mistreatment comes at the hands of Manager Linda Dunwoody; Operations Supervisor Randy Williams and Floor Supervisor Eddie Jones.

9.     Since 2010, Plaintiff has been repeatedly subjected to sexual harassment.   By way of example but not limited to, work release employees Cedrick Coleman and Tyree Miller,

repeatedly used sexually vulgar comments such as calling Plaintiff a "bitch" and a "whore" and inappropriately touched Plaintiff at times on her behind.

10.     Plaintiff complained and reported this repeatedly to Supervisor Randy Williams, who laughed and told Plaintiff, "They're only joking with you."  Eventually, Williams became angry with Plaintiff's continual complaining.  No corrective action was taken by the Defendant. Plaintiff also directly reported to Manager Linda Dunwoody with no corrective action taken. The comments that Plaintiff was subjected to by Coleman and Miller were frequent, severe and adversely affected the terms and conditions of her employment with the Defendant.

11.     Plaintiff also claims gender discrimination as she is the only female in her Department and is treated less favorably than her male co-workers with regards to pay, training and job duties.

12.      Plaintiff was injured on the job in March 2012 and was denied the ability to file a Workers Compensation claim/incident report and was told to go to a doctor but that she had to pay for this herself. Plaintiff's injury has gotten worse due to the Defendant's refusal to address Plaintiff's medical condition.  Defendant has taken action against Plaintiff because of an actual or perceived disability, her gender, her reports of discrimination and/or the attempt to obtain workers' compensation benefits. Plaintiff has been constructively discharged as of  January 28, 2013. No reasonable person would have remained in Defendant's employ under these circumstances.

13.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws cited above.

## COUNT I
## DISABILITY DISCRIMINATION

14.     Paragraphs 1-13 are re-alleged and incorporated herein by reference.

15.     This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes, and 42 U.S.C. §§12101 et seq..

16.     Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability.  During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated non-disabled/perceived-as-disabled employees.

17.     Defendant is liable for the differential treatment which adversely affected the terms and conditions of Plaintiff's employment with Defendant.  Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

18.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

19.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein led, at least in part, to Plaintiff's constructive termination.

20.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability, under the laws cited herein.

4

21.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief and punitive damages.

## COUNT II
## <u>GENDER DISCRIMINATION</u>

22.     Paragraphs 1-13 are re-alleged and incorporated herein by reference.

23.     This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes, and 42 U.S.C. §2000e <u>et seq.</u>. This is a hostile work environment claim and disparate treatment claim.

24.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender.  During her employment, she was treated differently than the male employees and was subjected to frequent and repeated unwelcome sexual comments and touching that adversely affected the terms and conditions of her employment with Defendant.

25.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

26.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

27.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

26.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

27.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein led, at least in part, to Plaintiff's constructive termination.

28.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of  Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

29.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief and punitive damages.

**COUNT III**
**RETALIATION**

30.     Paragraphs 1-13 are re-alleged and incorporated herein by reference.

6

31.     Defendant is an employer as that term is used under the applicable statutes referenced above.

32.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e et seq., and Chapter 760, Florida Statutes.

33.     The foregoing unlawful actions by Defendant were purposeful.

34.     Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

35.     Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

36.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to punitive damages and to injunctive relief.

**COUNT IV**
**RETALIATION – SECTION 440.205**

37.     Paragraphs 1-12 are re-alleged and incorporated herein by reference.

38.     This is an action against Defendant for retaliation under §440.205, Florida Statutes.  At all times pertinent hereto, Defendant has been subject to Chapter 440, Florida Statutes.

7

39.     Plaintiff was employed with Defendant when she was injured on the job.  Plaintiff sought compensation and/or benefits including without limitation medical care under Chapter 440 and was retaliated against for attempting to make such a claim.

40.     Defendant retaliated against Plaintiff because she was injured on the job and had a valid claim for compensation and benefits under Chapter 440.

41.     Defendant's actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from coercing, retaliating against or otherwise adversely affecting an employee who attempts to or does claim entitlement to worker's compensation benefits under the laws of the State of Florida.

42.     As a direct and proximate cause of the actions set forth in part above, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law.  Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is also entitled to injunctive relief and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to

8

Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)      enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)      enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)      award Plaintiff interest and punitive/liquidated damages where appropriate; and

(g)      grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 8th day of September 2014.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFF

9